# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EMMA DAVIS, WILLIE DAVIS, and McTHERON JONES,<br><br>Defendants. | 2:05-cr-00373-BES-LRL<br><br>**<u>ORDER</u>** |

This case comes before the court on defendant Willie Davis's Motion to Adopt Motion filed by Other Counsel (#56); Motion for Identification of Government Witnesses to be Called at Trial (#57); Motion for Bill of Particulars (#58); and Motion for the Pretrial Production of Exculpatory and Other Materials (#59). The court has considered the Motions (##56–59), the government's Opposition (#63) and Errata (#64), and the defendant's Reply (#65).

**I. The Meet and Confer Requirement**

The government requests that the court strike all of the defendant's discovery motions (##57–59) because he did not comply with Rule 16-1(c) of the Local Rules of Criminal Practice ("LCR")(revised May 1, 2006). LCR 16-1(c) provides:

> <u>Discovery Disputes</u>. Before filing any motion for discovery, the moving party shall confer with opposing counsel in a good faith effort to resolve the discovery dispute. Any motion for discovery shall contain a statement of counsel for the moving party certifying that, after personal consultation with counsel for the opposing party, counsel have been unable to resolve the dispute without court action.

This court has addressed the "meet and confer" requirement in the civil context. *See, e.g.*, *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993) (discussing the need for a

meaningful meet and confer to further the purpose of the Rule); *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996) (meet and confer must be personal or telephonic two-way communication). The purpose of the rule in civil cases applies with equal force to criminal cases: "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power Co.*, 151 F.R.D. at 120 (citing *Tarkett, Inc. v. Congoleum Corp.*, 144 F.R.D. 282, 285 (E.D. Pa. 1992)).

When initiating an informal conference the parties must present to each other the merits of their respective positions with the same specificity with which they would brief the discovery dispute. *See Nevada Power Co.*, 151 F.R.D. at 120. Only then are the parties in a position to assess the relative strengths or weaknesses of their positions. *Id.*

The defendant did not attach the required certification to any of his Motions (see Def.'s Mots. ##57–59). In his Reply, the defendant apologized to the court and the government for his failure to comply with LCR 16-1(c) (Reply (#65) at 2). He attached a letter he sent to the government asking, "Will you voluntarily provide the material requested in my motions? I will call you for good faith, personal consultation." (Reply (#65) Attach. 1). The defendant suggests that because he plans to comply prior to oral argument, and because the government will probably decline to provide the requested discovery, he has met the requirements of the Rule (Reply (#65) at 2). The court disagrees.

The meet and confer session is not simply a formalistic prerequisite to judicial resolution of discovery disputes. *Nevada Power Co.*, 151 F.R.D. at 120 (citing *Tarkett*, 144 F.R.D. at 285; *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 289 (N.D. Tex. 1988) (noting that "in many instances the conference requirement seems to have evolved into a pro forma matter")). The defendant cannot claim that he has met the requirement simply by virtue of having requested the discovery in question more than once. A good faith meet and confer session is a prerequisite to filing a discovery motion. LCR 16-1(c) (providing "*Before* filing any motion for discovery . . . the moving party shall confer with opposing counsel . . . ." (emphasis added)).

Because the defendant has not complied with the meet and confer requirement of LCR 16-1, his

Motion for Identification of Government Witnesses to be Called at Trial (#57); Motion for Bill of Particulars (#58); and Motion for the Pretrial Production of Exculpatory and Other Materials (#59) must be stricken.

II. **Motion to Adopt Motions Filed by Other Counsel**

The defendant seeks permission to adopt and incorporate by reference the motions filed by the other defendants in this case. The only pending motion filed by the other defendants, Emma Davis and McTheron Jones, is a Motion to Continue Trial (#66), to which Willie Davis is already a party. Therefore, this request is moot.

Accordingly, and for good cause shown,

IT IS ORDERED that the defendant's Motion to Adopt Motions Filed by Other Counsel (#56) is DENIED as moot.

IT IS FURTHER ORDERED that defendant Willie Davis's Motion for Identification of Government Witnesses to be Called at Trial, and Documents to Be Used at Trial (#57) is stricken.

IT IS FURTHER ORDERED that defendant Willie Davis's Motion for Bill of Particulars (#58) is stricken.

IT IS FURTHER ORDERED that defendant Willie Davis's Motion for Pretrial Production of Exculpatory and Other Materials (#59) is stricken.

DATED this 16th day of October, 2006.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**